**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REGINALD BLOUNT and | ) | |
| NATHAN RILEY | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-697 |
| | ) | |
| v. | ) | Judge Fischer |
| | ) | Magistrate Judge Bissoon |
| LOUIS FOLINO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Reginald Blount ("Blount") currently is an inmate incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"). Blount was granted leave to proceed *in forma pauperis* ("IFP") on May 21, 2010 (Doc. 3). Nathan Riley ("Riley") currently is an inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania ("SCI-Greene"). Riley was granted leave to proceed IFP on June 1, 2010.

Both men are the Plaintiffs in the instant lawsuit, which they bring pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging violations of their rights under the First and Fourteenth Amendments of the Constitution of the United States, as well as the Pennsylvania State Constitution, and various State laws, by a litany of Defendants. See Compl. (Doc. 10), at 7-8.

Currently before this Court are several motions, filed by both Plaintiffs and Defendants. These will be addressed below.

## A.  **Plaintiffs' Motion to Appoint Counsel**

First, this Court addresses Plaintiffs' Motion for Appointment of Counsel (Doc. 56). The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(e)(1) in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  The Tabron Court acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant.  Id., at 157 n.7.  The court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel."  Id., at 156.  The court likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.  Id., at 157.

The Tabron court also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel.  Id., at 155-56.  These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

In the instant case, Plaintiffs' claims are not complex.  A review of the Complaint in light of the factors announced in Tabron reveals the following:

(1)     The particular legal issues are not difficult.   Plaintiffs' current
        separation may slow their ability to file joint documents.
        However, Plaintiffs have filed multiple motions jointly since their
        separation, provisions have been made in the past for inmates to
        communicate regarding legal matters under the supervision of the
        Department of Corrections.  As a result, there is no indication that
        Plaintiffs are incapable of presenting and arguing the merits of
        their claims.

(2)     The necessary factual investigation can be adequately pursued by
        Plaintiffs.

(3)     The difficulty posed by Plaintiffs' separation is not
        insurmountable, and Plaintiffs appear to have no additional
        problems pursuing their claims.

(4)     Plaintiffs' claims do not appear to require extensive or complicated
        discovery.

(5)     Plaintiffs' claim is unlikely to turn on credibility determinations.

(6)     Finally, there is no indication that expert testimony will be
        necessary in this case.

None of the above-mentioned factors weigh in favor of appointing counsel.  Plaintiffs'

request for the appointment of counsel (Doc. 56), therefore, shall be denied.


**B.  Plaintiffs' Motion for Leave to File Supplemental Complaint**

Second, this Court addresses Plaintiff Riley's Motion to File Supplemental Complaint

(Doc. 55).  An attached proposed "supplemental" complaint (Doc. 55-1) indicates that Plaintiffs

wish to add additional claims against some newly-named Defendants regarding alleged

sanitation issues involving the service of food at SCI-Greene.[1]  Given that Plaintiff Riley names

---

[1] This proposed supplemental complaint is substantially similar to that which had been submitted
by Plaintiff Blount on September 24, 2010.  (Doc. 53-1).  This Court granted Plaintiff Blount's
Motion for Leave to File Supplemental Complaint on October 1, 2010, and ordered Plaintiffs to
file all of their claims in one comprehensive amended pleading on or before October 15, 2010.

additional Defendants, this Court will treat the motion as one seeking to file an amended

complaint, and will grant it.[2]  Plaintiffs shall file with this Court a complaint that contains all of

their claims against all Defendants in one comprehensive document.  Plaintiffs are reminded that

it is their responsibility to prosecute this case in a timely manner.  Furthermore, given the

opportunity that Plaintiffs have had to complete their complaint while this Court has considered

their motions, no further extensions of time will be granted.


### C.  Plaintiffs' Motion to Stay Filing of Amended Complaint

Next, Plaintiffs move to stay filing their amended complaint until after their motion for

counsel (Doc. 56) has been decided.  (Doc. 59).  As this Court disposes of that motion in Part A

of this Order, *supra*, and given the extension of time that is granted for the filing of a

comprehensive pleading in Part B of this Order, *supra*, this motion will be denied as moot.

---

Plaintiffs moved to stay the filing of that comprehensive complaint prior to the October 15, 2010
deadline.  (Doc. 59), at 3.

[2] As recognized by the United States District Court for the Middle District of Pennsylvania,
"*[a]mending* a pleading involves *entirely replacing the earlier pleading* with a new pleading
containing matters that occurred *prior* to the filing of the original pleading, while *supplementing*
a pleading involves *merely adding* to the original pleading events occurring *subsequent* to the
earlier pleading. Francis ex rel. Estate of Francis v. Northumberland County, 636 F.Supp.2d 368,
383, n.26 (M.D.Pa. 2009) (emphasis in original).  However, it is generally inappropriate for a
supplemental pleading to include new defendants.  See Williamson v. Correctional Medical
Services, Inc., 2007 WL 1455837 (D.Del, May 16, 2007).  Thus, it appears that Plaintiffs'
proposed amendments technically fall outside of the scope of Rules 15(a) and 15(d).
Nonetheless, as a practical matter, such amendments are routinely allowed to *pro se* Plaintiffs by
this Court under the auspices of Rule 15(a).  Consequently, this Court will allow Plaintiffs to
make their amendments pursuant to that Rule as well.

### D. **Defendants' Motion for Extension of Time to File Answer**

Next, Defendants move for an extension of time to file their answer to Plaintiffs' amended complaint. (Doc. 62). This motion will be granted.

### E. **Plaintiff's Motion for Default Judgment**

As Defendants' Motion for Extension of Time (Doc. 62) has been granted, Plaintiffs' Motion for Default Judgment (Doc. 63) will be denied.

### F. **Defendants' Motion for Preliminary Injunction**

Finally, this Court addresses Plaintiffs' Motion for Preliminary Injunction. (Doc. 57). It is well recognized that a preliminary injunction is an "'extraordinary remedy,' and the party seeking it must show: '(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, No 10-1419, 2010 WL 3920527, at *1 (3d Cir. Oct. 07, 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). In the instant case, it is impossible to determine to what extent, if any, Plaintiffs are likely to succeed on the merits of their claims, as it is entirely unclear what claims will be included in their as-yet-unfiled amended complaint. Additionally, as it is possible that the amended complaint will name additional defendants, any adjudication of this motion may violate the notice requirement of Rule 65(a) of the Federal Rules of Civil Procedure. As such, this motion for preliminary injunction must be denied without prejudice to Plaintiffs' refiling it when this Court can adequately adjudicate the motion.

AND NOW, this 24th day of November, 2010,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Appoint Counsel (Doc. 56) is DENIED.

IT IS FUTHER ORDERED that Plaintiff Riley's Motion for Leave to File a Supplemental Complaint (Doc. 55) is treated as a motion to amend Plaintiffs' complaint and is GRANTED. Plaintiffs shall submit, in one document, a fully comprehensive complaint that contains all of Plaintiffs' claims against all Defendants by December 15, 2010. No further extensions will be granted.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Stay Filing of Amended Complaint (Doc. 59) is DENIED as MOOT.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time to File Answer is GRANTED (Doc. 62). Defendants' Answer is due on January 14, 2011.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Default Judgment (Doc. 63) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (Doc. 57) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties are allowed until December 8, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**REGINALD BLOUNT**
CF-6922
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001

**NATHAN RILEY**
CT 8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370