IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REGINALD BLOUNT and )
NATHAN RILEY )
 )
      Plaintiffs, ) Civil Action No. 10-697
 )
      v. ) Judge Fischer
 ) Magistrate Judge Bissoon
LOUIS FOLINO, *et al.*, )
 )
      Defendants. )

**ORDER**

    Reginald Blount ("Blount") currently is an inmate incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"). Blount was granted leave to proceed *in forma pauperis* ("IFP") on May 21, 2010 (Doc. 3). Nathan Riley ("Riley") currently is an inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania ("SCI-Greene"). Riley was granted leave to proceed IFP on June 1, 2010. On November 24, 2010, Plaintiff Riley alleged that a "separation" had been instituted against him and Blount, and that this interfered with their ability to communicate and properly litigate the instant civil action. (Doc. 68) at 1. Riley has moved this Court to order that the separation be removed, and that Plaintiffs be allowed to communicate. Id. Defendants timely responded to this motion on December 8, 2010, (Doc. 72), and it is ripe for disposition.

    Citing security concerns, and properly noting that the courts are required to show "'wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security [of prisons],'" id. ¶ 9 (quoting Tilley v. Allegheny County Jail, No. 09-299, 2010 WL 1664900, at *5 (W.D.Pa. Feb. 18, 2010)

1

(internal citations omitted)), Defendants argue against the lifting of the separation. Instead, Defendants contend that regulations exist which allow Plaintiffs adequate avenues of communication.[1] (Doc. 72) ¶¶ 10-12.

This Court recognizes the need of the Department of Corrections to maintain security within the institutions under its control. However, Plaintiffs have a legitimate interest in communicating with each other. As such, this Court will deny Riley's motion to the extent that he seeks an order lifting his separation, but will grant the motion to the extent that Riley seeks to correspond with his co-Plaintiff, pursuant to the established regulations of the Department of Corrections. The Department of Corrections shall be permitted to supervise and monitor this correspondence according to its normal security procedures.

IT IS HEREBY ORDERED that Plaintiff's Motion for a Court Order to Remove Separation Placed against Plaintiffs and Allow Communication (Doc. 68) is GRANTED in part and DENIED in part. Plaintiffs shall be allowed to correspond with each other regarding the instant lawsuit, subject to the supervision and monitoring of the Department of Corrections, according to normal security procedures.

IT IS FURTHER ORDERED that the parties are allowed until December 23, 2010, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to appeal by this date may constitute a waiver of the right to appeal.

Dated: December 9, 2010                     s/Cathy Bissoon
                                            CATHY BISSOON
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Based on Defendants' willingness to make this argument before this Court, it is presumed that Plaintiffs are eligible to correspond under these regulations.

cc:
**REGINALD BLOUNT**
CF-6922
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001

**NATHAN RILEY**
CT 8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370