# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD BLOUNT and NATHAN RILEY | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 10-697 |
| v. | )<br>) Judge Fischer<br>) Magistrate Judge Bissoon |
| LOUIS FOLINO, *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER

Reginald Blount ("Blount") currently is an inmate incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"). Nathan Riley ("Riley") currently is an inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania ("SCI-Greene"). Plaintiffs bring this cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging violations of their rights under the First, Eighth and Fourteenth Amendments to the Constitution of the United States by a host of Defendants. Am. Compl. (Docket No. 76 at 1 – 3). Plaintiffs also seek relief under Article I, § 26 of the Pennsylvania Constitution, as well as Pennsylvania state law. Id. at 3. This suit commenced on May 20, 2010, when this Court received Blount's motion to proceed *in forma pauperis* ("IFP"). (Docket No. 1). Blount was granted leave to proceed IFP on May 21, 2010 (Docket No. 3). Riley was granted leave to proceed IFP on June 1, 2010. The initial complaint was received on June 8, 2010. (Docket No. 10).

---

[1] This motion was signed by Blount, and dated May 17, 2010. (Docket No. 1 at 1).

On June 21, 2011, this Court dismissed all but one of Plaintiffs' claims with prejudice, in part, and without prejudice, in part. Order of June 21, 2011 (Docket No. 103). The sole claim that was not dismissed was stricken from the amended complaint. Id. at 1. Plaintiffs were granted 21 days from the date of that order in which to file an amended complaint with respect to the claims that were dismissed without prejudice. Id. at 2. As of the date of this writing – 35 days after the issuance of that order – Plaintiffs have not filed an amended complaint.

A district court has the inherent power to dismiss, *sua sponte*, a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Phila., 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 695 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the Poulis factors is as follows:

(1) The extent of the party's personal responsibility.

Plaintiffs are proceeding in this matter *pro se*. There is no indication that they did not receive the Order of June 21, 2011, dismissing their claims. The responsibility for their failure to respond with an amended complaint is theirs alone.

(2) Prejudice to the adversary.

Plaintiffs were ordered to respond with an amended complaint, if appropriate, within 21 days of June 21, 2011, or the claims that were dismissed without prejudice would be dismissed

3

with prejudice. (Docket No. 103 at 2). Not dismissing those claims with prejudice would prejudice Defendants who relied on that order.

(3) A history of dilatoriness.

Plaintiffs have not made any effort to move this case forward and have ignored this Court's order. This is sufficient evidence, in this Court's view, to indicate that Plaintiffs do not intend to proceed with the claims at issue.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiffs' failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that their failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiffs are proceeding *pro se* and have not responded to the Court's order. It is not clear that any sanction other than dismissal will properly redress Plaintiffs' refusal to comply.

(6) Meritoriousness of Plaintiff's case.

Plaintiffs have not asserted adequate basis in their amended complaint to conclude that Defendants are liable under 42 U.S.C. § 1983.

In light of the foregoing, the undersigned finds that the Poulis factors strongly weigh in favor of dismissal. Consequently, those claims that were dismissed without prejudice to filing an amended complaint on June 21, 2011 (Docket No. 103) will be dismissed with prejudice. This order does not affect Plaintiffs' claims raised under Article I, § 26 of the Pennsylvania Constitution, which was dismissed without prejudice to refiling in state court.

AND NOW, this 27th day of July, 2011,

IT IS HEREBY ORDERED that all of Plaintiffs' remaining claims – save those raised under Article I, § 26 of the Pennsylvania Constitution – are DISMISSED, with prejudice.

BY THE COURT:

*Nora Barry Fischer*
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

cc:
**REGINALD BLOUNT**
CF-6922
SCI Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001

**NATHAN RILEY**
CT 8571
SCI Greene
175 Progress Drive
Waynesburg, PA 15370